IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES J. KRISPIN III,

      Plaintiff,          OPINION and ORDER

  v.                  09-cv-292-bbc

THOMAS CORE, MICHAEL GLAMMAN,
DONALD STRAHOTA and MICHAEL THURMER,

      Defendants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   In this prisoner civil rights case brought under 42 U.S.C. § 1983, plaintiff James Krispin contends that defendants Thomas Core, Michael Glamman, Donald Strahota and Michael Thurmer violated his rights under the Eighth Amendment by failing to protect him from sexual assaults by another prisoner at the Waupun Correctional Institution. Defendants' motion for summary judgment is now before the court.  Dkt. #15.  Because plaintiff has failed to meet his burden to show that any of the defendants was aware of a

---

[1] In his complaint, plaintiff identified defendants Thomas Core, Michael Glamman and Michael Thurmer as "Captain Core," "CO Glamman" and "Mike Thurmer." I have amended the caption to reflect their full names as identified in defendants' summary judgment materials.

1

substantial risk of an assault before one occurred, Borello v. Allison, 446 F.3d 742, 748 (7th Cir. 2006), I will grant defendants' motion.

Plaintiff did not file his own proposed findings of fact or respond to defendants' proposed findings of fact, which means I must accept all of defendants' properly supported proposed facts as true. Procedure to be Followed on Motions for Summary Judgment, II.C. ("Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed."), attached to Preliminary Pretrial Conference Order, January 29, 2009, dkt. #14; Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003) (holding that "a failure to respond by the nonmovant as mandated by the local rules results in an admission").

Under the Eighth Amendment, if a prison official is aware that a prisoner in his custody is at a substantial risk of serious harm, the official has a duty to take reasonable measures to prevent the harm from occurring. Farmer v. Brennan, 511 U.S. 825 (1994). This includes a duty to protect a prisoner from a sexual assault by another prisoner. E.g., Case v. Ahitow, 301 F.3d 605 (7th Cir. 2002); Billman v. Indiana Dept. of Corrections, 56 F.3d 785 (7th Cir. 1995); Swofford v. Mandrell, 969 F.2d 547 (7th Cir. 1992).

In his complaint, plaintiff alleged that another prisoner has sexually assaulted him multiple times from 2007 through the present. In addition, he alleged that the other prisoner continues to "threaten to rape, beat and kill" him. In their summary judgment

2

materials, neither side says anything about incidents occurring in 2007 or about an ongoing threat. Instead, the parties focus on incidents in December 2008 and January 2009. In plaintiff's brief, he writes that "security staff" disregarded his complaint in December 2008 that another prisoner "was pressuring him to engage in sexual activity, and that the wanting of sexual contact was against his will." Dkt. #28, at 1-2. If plaintiff had adduced evidence that he complained to particular defendants about an imminent sexual assault, he would have a potentially strong claim. E.g., Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). However, plaintiff did not adduce such evidence or *any* evidence in support of his claim, not even his own affidavit. "[A]rguments in briefs are not evidence." Box v. A&P Tea Co., 772 F.2d 1372, 1379 n. 5 (7th Cir. 1985).

According to the facts proposed by defendants and unopposed by plaintiff, plaintiff told defendant Glamman (a correctional officer) in December 2008 that another prisoner "had been talking to [plaintiff] about entering his quarters." In response to plaintiff's complaint, Glamman spoke to the other prisoner and told him to stop going into plaintiff's cell, if that was what he was doing. No officers had witnessed the other prisoner in plaintiff's cell and plaintiff did not identify any witnesses. In addition, the on-duty sergeant spoke to plaintiff. Plaintiff did not say anything to Glamman or the sergeant about sexual assault or sexual contact of any kind.

On December 31, defendant Core (a supervising officer) learned about plaintiff's

3

complaint from security staff. Core spoke with plaintiff, who told Core that the other prisoner "continuously wanted to come to his cell." Core told plaintiff to inform staff immediately if he found the other prisoner in his cell. In addition, he instructed security staff to closely monitor the other prisoner. Again, plaintiff said nothing about sexual harassment. On January 5, 2009, the other prisoner was placed in temporary lockup for entering plaintiff's cell. (The parties do not discuss whether the other prisoner was transferred because of plaintiff's earlier complaint or a new incident.)

According to an investigation report prepared by Bruce Muraski (a captain at the prison), staff from the psychological services unit contacted defendant Core on January 7 regarding a letter plaintiff had written to them. In the letter, plaintiff wrote that another prisoner "keep asking for sexual pleasure. As a blow job or sexual intercourse (anal sex). I keep say no. I did tell an officer about it and they talk to him. He goes into my cell and waits for me to return to my cell. I don't know what else to do." After interviewing both plaintiff and the other prisoner, Muraski concluded that plaintiff had a consensual sexual relationship with the other prisoner. Plaintiff received a conduct report for "sexual conduct" and was sentenced to 180 days of disciplinary separation.

In February and March 2009, plaintiff told defendants Donald Strahota (the security director) and Michael Thurmer (the warden) that he "would like to file charges" against the other prisoner. Both Thurmer and Strahota referred the matter to Muraski, who informed

4

plaintiff that a detective was investigating the matter.

Whether or not plaintiff's sexual contact with the other prisoner was consensual, defendants cannot be held liable under the Eighth Amendment unless they were aware of a substantial risk that it would occur. Klebanowski v. Sheahan, 540 F.3d 633, 639-40 (7th Cir. 2008). Because defendants Strahota and Thurmer had no knowledge of a possible sexual assault until *after* plaintiff and the other prisoner were separated, they did not violate plaintiff's constitutional rights. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). To the extent plaintiff is suing Strahota and Thurmer because he believes they did not discipline the other prisoner severely enough (neither side says what happened to the other prisoner), that claim must fail because "the Constitution . . . does not require states to prosecute persons accused of wrongdoing." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002).

This leaves defendants Glamman and Core. Although plaintiff spoke with both of them about the other prisoner, plaintiff has not adduced evidence that he told either of them that the other prisoner had sexually assaulted him, was threatening to sexually assault him or had made any sexual advances toward him. Plaintiff's argument seems to be that Glamman and Core should have surmised in December 2008 that the other prisoner was sexually assaulting him from his complaint about the other prisoner trying to get into his cell.

5

Although plaintiff may have wanted defendants to infer that he needed to be separated from the other prisoner, prison officials are not required to be mind readers. Cf. Riccardo v. Rausch, 375 F.3d 521, 526 (7th Cir. 2004) (concluding that prison guard was entitled to rely on plaintiff's statement that he did not "have a problem" with prisoner who later assaulted him, even though plaintiff made this statement in front of other prisoner and even though plaintiff had said earlier that he "feared for his life" if he were celled with any member of other prisoner's gang). Generally, the Eighth Amendment is not triggered by a vague complaint that a prisoner is having "problems" with other prisoners, Butera v. Cottey, 285 F.3d 601, 606 (7th Cir. 2002), or even that other prisoners are "pressuring" him, Dale v. Poston, 548 F.3d 563, 569 (7th Cir. 2008), because these types of complaints may suggest irritation more than danger. See also Anderson v. County of La Crosse, No. 08-cv-234-bbc, 2009 WL 1139991, *5 (W.D. Wis. Apr. 27, 2009) (prisoner's complaint that another prisoner was "starting crap" with him too vague to give jail officials notice of likely assault). Sometimes vague complaints are enough to give prison officials notice of a substantial risk of serious harm, but only when the prisoner communicates that he is in serious danger. E.g., Velez v. Johnson, 395 F.3d 732, 736 (7th Cir. 2005) (pushing emergency call button).

Thus, if plaintiff had stated that he was afraid of the other prisoner or otherwise communicated to the defendants that he was in danger, this would be a different case. However, the facts show only that plaintiff complained about another prisoner entering his

6

cell, which is not an inherently dangerous situation. By the time defendant Core received information from the psychological services unit about a possible sexual assault, the other prisoner was already in temporary lockup, away from plaintiff. Accordingly, defendants' motion for summary judgment must be granted.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Michael Glamann, Thomas Core, Donald Strahota and Michael Thurmer, dkt. #15, is GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 11th day of February, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge